# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JONAS DILLARD, | ) | |
|     Appellant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 11-00117-KD-B |
| | ) | |
| GWENDOLYN ELAINE GARRETT, | ) | |
|     Appellee. | ) | |

**ORDER**

The matter is before the Court on a review of the record.

On March 4, 2011, Appellant Dillard filed a Notice of Appeal of an order from the U.S. Bankruptcy Court for the Southern District of Alabama. (Doc. 1). On March 10, 2011, this Court set the briefing schedule for this case. (Doc. 5). As set forth in the Court's March 10, 2011 Order, Appeals to this Court from the Bankruptcy Court are governed by Rule 8009 of the Federal Rules of Bankruptcy Procedure. (Id.) In accordance with Rule 8009(a)(1)-(3), this Court ordered Appellant Dillard to serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007 (on or before March 18, 2011). (Id.)

On March 11, 2011, this Court granted Dillard's attorney's motion to withdraw as counsel, such that Appellant Dillard would proceed pro se. (Doc. 6). In so doing, Appellant Dillard was instructed by the Court that "he is responsible for complying with all deadlines in this case and for keeping the Court apprised of his correct mailing address. Mr. Dillard is further advised that if [he] fails to comply, this action will be subject to dismissal." (Id.) The record reveals that Mr. Dillard was mailed a copy of the Court's order granting the attorney's motion to withdraw, the pro se handbook, and a copy of the Court's order setting the briefing schedule in this case.

On March 18, 2011, Appellant Dillard failed to file the requisite initial brief as prescribed by FED. R. BANK. P. 8009(a)(1). Additionally, no extension of time was requested.

On April 14, 2011, because Appellant Dillard had failed to serve and file the requisite brief, this Court ordered Appellant Dillard to, by May 13, 2011, show case as to why this case should not be dismissed for his failure to comply with the deadlines established by this Court, and to serve and file the requisite brief. A copy of the show cause order was mailed to Appellant Dillard via certified mail.

On May 13, 2011, Appellate Dillard failed to respond to the Court's Order. To date, Appellant Dillard has neither responded to this Court's Show Cause Order nor served or filed the requisite brief. Additionally, Appellant Dillard has not requested any extensions of time.

On April 25, 2011, a return of service was filed in this Court, indicating that the show cause order was served on April 22, 2011, upon a "Jacqueline Holmes" at the P.O. Box for Appellant Dillard (P.O. Box 66358, Mobile, AL, 36606). (Doc. 8).

"An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." FED. R. BANKR.P. 8001(a). In the Eleventh Circuit, dismissal of bankruptcy appeals are proper upon a showing of "bad faith, negligence or indifference." In re Beverly Mfg. Corp., 778 F.2d 666, 667 (11th Cir. 1985). "Dismissal typically occurs in cases showing consistently dilatory conduct *or the complete failure to take any steps other than the mere filing of a notice of appeal*." Id. at 667 (emphasis added). Appellant Dillard has failed to take any steps beyond the mere filing of his appeal. Appellant Dillard has failed to respond to two (2) of the Court's Orders. Appellant Dillard has also failed to

file the requisite brief, even though he has been given two (2) opportunities to do so. Under the flexible standard adopted by the Eleventh Circuit, the Court finds that the facts establish negligence or indifference by the Appellant to this Court's Orders and the Federal Rules of Bankruptcy Procedure. Beverly, 778 F.2d at 667-668. See also e.g., In re YMR Fashions Corp. v. McGregor, 173 B.R. 750, 752-753 (M.D. Ala. 1994); In re Suncoast Airlines, Inc., 121 B.R. 403, 405 (S.D. Fla. 1990). Accordingly, it is **ORDERED** that this Appeal is **DISMISSED** for failure to prosecute.

**DONE** and **ORDERED** this the **16th** day of **May 2011.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**